# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY HELBIG, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-cv-00417-JPG-DGW |
| PHILLIPS 66 COMPANY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Phillips 66 Company's ("P66") Motion [Doc. 18] for Summary Judgment. Plaintiff filed a Response [Doc. 20] and the Defendant filed a Reply [Doc. 21]. Local Rule 7.1(c) states that reply briefs are not favored and should be filed only in exceptional circumstance. Defendant has stated such circumstances and the Court will consider its reply brief.

**1. Background.**

Plaintiff filed a complaint [Doc. 1-2] in the Circuit Court, Third Judicial Circuit, Madison County, Illinois and the defendant removed to this court pursuant to 29 U.S.C. § 1332(a). The complaint alleges one count of violation of the Illinois Human Rights Act ("IHRA")(775 ILCS 5/1-101, *et seq.*) in that the plaintiff was wrongfully suspended and terminated by P66 in retaliation for her reporting "harassment, discrimination and/or disparate treatment" and for "filing of a Charge with the IDHR." [Doc. 1-2 at 7].

Defendant's motion for summary judgment argues that plaintiff's claim fails because: (1) "[p]laintiff did not engage in statutorily protected activity supporting a retaliation claim"; (2) "[p]laintif cannot establish a genuine issue of material fact as to the existence of a causal link

between Plaintiff's alleged protected activity and her suspension and termination;" and (3) that "[p]laintiff also cannot establish a genuine issue of material fact as to whether P66's stated reasons for suspending and terminating Plaintiff were a pretext for retaliation." As such, defendant argues that summary judgment is appropriate as a matter of law.

**2. Standard.**

Summary judgment must be granted, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the non-moving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways. It may present evidence that affirmatively negates an essential element of the non-moving party's case, *see* Fed. R. Civ. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of the non-moving party's case without actually submitting any evidence, *see* Fed. R. Civ. P. 56(c)(1)(B). *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169. Where the moving party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings, but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

Finally, "[i]t is, of course, well established that, as a general matter, a district court exercising jurisdiction because the parties are of diverse citizenship must apply state substantive law and federal procedural law." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). As this court is exercising jurisdiction based on diversity, it will apply Illinois substantive law and federal procedural law.

**3. Analysis.**

"It is settled law in Illinois that an employee at will may be terminated by his employer at any time for any reason or none at all. A narrow exception to the "employment at will" doctrine has been established in those cases wherein an employee can demonstrate that he was terminated in retaliation for his actions." *Pratt v. Caterpillar Tractor Co.,* 500 N.E.2d 1001, 1002 (Ill. App. 3d Dist. 1986). "A valid claim for retaliatory discharge requires a showing that (1) an employee has been discharged; (2) in retaliation for the employee's activities; and (3) that the discharge violates a clear mandate of public policy." *McCoy v. Maytag Corp.*, 495 F.3d 515, 520–21 (7th

Cir. 2007)(citing *Carter v. Tennant Co.,* 383 F.3d 673, 677 (7th Cir.2004) (quoting *Bourbon v. Kmart Corp.,* 223 F.3d 469, 472 (7th Cir.2000)). The parties also agree that Illinois courts apply the analytical framework of Title VII to claims under the IHRA.

In employment discrimination matters, the "legal standard . . . is simply whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action. Evidence must be considered as a whole, rather than asking whether any particular piece of evidence proves the case by itself—or whether just the "direct" evidence does so, or the 'indirect' evidence. Evidence is evidence. Relevant evidence must be considered and irrelevant evidence disregarded, but no evidence should be treated differently from other evidence because it can be labeled 'direct' or 'indirect.'" *Ortiz v. Werner Enterprises, Inc.,* 834 F.3d 760, 765 (7th Cir. 2016).

However, the burden-shifting framework created by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1073) remains applicable to discrimination cases. *Id*. Under the *McDonnell* framework, "[o]nce a plaintiff has established a prima facie case of disparate treatment, the burden of production shifts to the defendant to provide a legitimate, nondiscriminatory reason for the decision. If the defendant satisfies its burden, then the burden shifts back to the plaintiff to show that the defendant's explanation was pretextual." *Boumehdi v. Plastag Holdings, LLC,* 489 F.3d 781, 790 (7th Cir. 2007).

Defendant argues that it is entitled to summary judgment as a matter of law because, "[p]laintiff did not engage in statutorily protected activity supporting a retaliation claim." According to the defendant, "[i]t is undisputed that Plaintiff never made a written complaint of discrimination or harassment, and never availed herself of the P66 confidential hotline."

4

> To succeed on such a [retaliation] claim, [plaintiff] must show that he engaged in a statutorily protected activity. This requires more than simply a complaint about some situation at work, no matter how valid the complaint might be. To be protected under Title VII, his complaint must have indicated "the discrimination occurred because of sex, race, national origin, or some other protected class.... Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient."

*Cole v. Bd. of Trustees of N. Illinois U.*, 838 F.3d 888, 901 (7th Cir. 2016), cert. denied, 16-1032, 2017 WL 1366744 (U.S. Apr. 17, 2017)( quoting *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006).

The plaintiff testified that in the Spring 2014, she complained to her production leader, Ed Uetz, that her Front Line Supervisor, Lloyd Wehking, was treating her differently because she was a female and sent a letter requesting that she be moved to another shift. [Doc. 20-1 at 38]. She also testified that she spoke with human resources personnel – Ms. Lynnette Zirges – after speaking with Mr. Uetz. The plaintiff did not fill out a formal complaint, but informed Ms. Zirges that she believed she was being harassed because of her gender. She requested – and was granted – a reassignment in June of 2014.

There is no legal requirement that the Plaintiff should have filed a written complaint of discrimination or harassment, or avail herself of a confidential hotline in order to establish that she brought a complaint of sexual discrimination and/or harassment to the attention of her employer. There is evidence that the plaintiff met with human resources in April 2014 and that she lodged a complaint that she believed she was being discriminated against based on her gender. As such, there is sufficient evidence to create a triable issue that plaintiff engaged in a protected activity.

Next, defendant argues that, "there is no evidence of a causal connection between any alleged complaints of alleged sex-based harassment or discrimination in 2014 and her suspension in February of 2015." [Doc. 19 at 17]. "When an adverse employment action follows on the close heels of protected expression and the plaintiff can show the person who decided to impose the adverse action knew of the protected conduct, the causation element of the *prima facie* case is typically satisfied." *Culver v. Gorman & Co.*, 417 F.3d 540, 546 (7th Cir. 2005)(quoting *Lang v. Ill. Dep's of Children and Family Servs.*, 361 F.3d 416, 419 (7th Cir. 2004).

However, temporal proximity alone does not create an inference that the protected activity was the cause of the adverse employment action. The Seventh Circuit has found a year too remote, *Everroad v. Scott Truck Systems, Inc.*, 604 F.3d 471, 481 (7th Cir. 2010); six months too remote, *Juarex v. Ameritech Mobile Comm., Inc.* 957 F.2d 316, 321 (7th Cir. 1992); and four months too remote, *Hughes v. Derwinski*, 967 F.2d 1168, 1174 (7th Cir. 1992).

In this case, plaintiff filed her discrimination complaint in April 2014 and was suspended in March of 2015 – a period of eleven months. As such, the adverse employment actions did not follow "on the close heels of the protected expression" sufficiently to create an inference that the protected activity was the cause of plaintiff's suspension or termination.

Further, "[i]t is not sufficient that [an employer] could or even should have known about [an employee's] complaint; [the employer] must have had actual knowledge of the complaints for [its] decisions to be retaliatory." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 668 (7th Cir. 2006)(citing *Luckie v. Ameritech Corp.,* 389 F.3d 708, 715 (7th Cir.2004)).

The individuals who were involved in plaintiff's discrimination matter were Ms. Lynnette Zirges of defendant's Human Resources Office; plaintiff's production leader, Ed Uetz; and plaintiff's Front Line Supervisor, Lloyd Wehking. In 2015, Plaintiff's suspension and

6

termination were handled[1] by Sherri Parker of defendant's Human Resources Department; Mr. Clagg, her front line supervisor; and David Jones, her production leader.

Mr. Clagg testified that he became aware that plaintiff had filed complaints against her prior supervisor, but he was not sure when he became aware of that information. He also testified that he believed these complaints, "had some issues with the way he coached her." He further testified that he became aware that plaintiff's prior complaints were related to plaintiff's allegations that her former supervisor, "was attempting to intimidate her," but he was unaware of those allegations prior to the investigation. [Doc. 20-6 at 35-36]. There is no indication within the record that Mr. Clagg was aware that plaintiff's prior complaint was based on gender discrimination and/or harassment.

Ms. Parker and David Jones have attested that they were unaware of plaintiff's prior allegations with regard to Lloyd Wehking or that the plaintiff had made any complaints of discrimination or harassment because of her gender. [Docs. 19-12 & 19-2].

Plaintiff testified that "everybody was aware" that she had made complaints against Mr. Wehking. [Doc. 19-1 at 89]. She also testified that another supervisor, Randy Marshall, informed her that "I know what went on between you and Lloyd, and it's making people here uncomfortable what happened." [Doc. 19-1 at 55]. However, she further testified that she never had any conversations with, or didn't know "for sure," whether Jeff Clagg and/or David Jones were specifically aware of the complaints. [Doc. 19-1 at 89-90]. She also had no conversation with Sherry Parker about her discrimination complaint filed in 2014. [Doc. 19-1 at 91].

The Court must take the facts in the light most favorable to the nonmoving party at the summary judgment phase; however, plaintiff's testimony that "everybody was aware" is only speculation. Mr. Marshall's statement supports an inference that there may have been other

---

[1] Also present was Kevin Britton, plaintiff's union representative.

individuals aware of plaintiff's complaint in 2014; however, the plaintiff admits that she never spoke with any of the individuals involved in her suspension and/or termination with regard to her prior discrimination complaint. Plaintiff points to Ms. Parker's testimony that she was aware of the prior incident, but there is nothing in her testimony that indicates she was aware of it *before* the investigation into plaintiff's misconduct. It is the same with Mr. Jones testimony. He indicated that he knew that the plaintiff thought she was being treated differently – but with regard to the "boy" comment. Mr. Jones never testified that he was aware that the plaintiff filed any type of sexual discrimination and/or harassment complaint.

There is no evidence that that any of the individuals involved with plaintiff's suspension and termination were aware *before* the investigation in 2015 that the plaintiff had filed a discrimination complaint in 2014. Other than the complaint in 2014, plaintiff only raised her discrimination allegations in response to the incident with co-worker Wiseman in March 2015.

Further, with regard to plaintiff's IDHR complaint, plaintiff testified that at no time prior to her suspension in 2015, did she inform anyone that she had filed a charge of discrimination with IDHR. As such, plaintiff has not established a causal link between her discrimination complaint in 2014 and her suspension and termination in 2015.

Finally, the Court agrees with the defendant that there is no evidence that the reasons stated for plaintiff's suspension and termination were pretextual. At the pretext stage, the plaintiff must provide evidence that the employer's stated reason for the adverse action is dishonest *and* that the true reason for the action was discriminatory intent. *McGowan v. Deere & Co.*, 581 F.3d 575, 581 (7th Cir. 2009); *Hobbs v. City of Chicago*, 573 F.3d 454, 462 (7th Cir. 2009); *Perez v. Illinois*, 488 F.3d 773, 777 (7th Cir.2007). "[H]e ultimately must be able to point to some circumstances from which an inference can be drawn that the real reason for the

employment action was discriminatory." *McGowan*, 581 F.3d at 581; *Perez*, 488 F.3d at 778.

Plaintiff admits that she made a sexual innuendo comment with regard to a valve on the radio after being counseled by her supervisor not to use inappropriate comments on the radio. [Doc. 19-1]. She also admits to an inappropriate comment to an operator in January of 2015 wherein she stated that he didn't have the "cojones" to complete a particular task and was again counseled on her inappropriate use of language on the radio. She further admits that she may have been "snippy" with production supervisor David Jones. [Doc. 19-1 at 81].

After her suspension, plaintiff had a confrontation with a co-worker, Nick Weiseman, on March 31, 2015. She informed her supervisor, Mr. Clagg, that "Hey, Jeff, I just wanted you to know that I may have offended Nick. It may have been a hostile work environment." [Doc. 19-1 at 102]. Plaintiff testified that she meant it as a joke and apologized to Mr. Weiseman. However, plaintiff further admits that she made an error with regard to steps in the procedure on March 31, 2016, because she was upset over the previous incident and afraid that she may be fired. [Doc. 19-1 at 114].

In support of pretext, plaintiff testified that, "if you notice, their notes all started the same time I brought up the harassment with my FLS about being discriminated, and it's funny how their notes all of a sudden are saying how bad I was, but I have been there since 2003." [Doc. 19-1 at 104].

> In order to demonstrate a genuine issue of material fact in opposition to a motion for summary judgment, the nonmoving party must do more than raise a 'metaphysical doubt' as to the material facts. Rather, the nonmoving party 'must come forward with 'specific facts showing that there is a *genuine issue for trial*.' 'Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' "

*Juarez v. Ameritech Commun., Inc.*, 957 F.2d 317, 322 (7th Cir. 1992).

Plaintiff has provided sufficient evidence that an issue remains whether she engaged in a statutorily protected activity; however, she has failed to demonstrate that the individuals involved her suspension and termination were aware that she had filed a complaint of gender discrimination and/or harassment. She has also failed to demonstrate that the reasons stated for plaintiff's suspension and termination were pretextual. As such, plaintiff has failed to present evidence that would allow a rational trier of fact to determine that she was suspended and that her employment was terminated because she filed a gender discrimination complaint and there is no genuine issue for trial. Therefore, the defendant is entitled to summary judgment as a matter of law.

**4. Conclusion.**

For the above reasons, Defendant U.S. Steel's Motion [Doc. 18] for Summary Judgment is **GRANTED**. This case is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** 6/14/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**